406 F.2d 829
 Thomas F. BOYLE, Jr., and Jack Tippett, et al., for themselves and on behalf of all indigent inmates of California penal institutions, a class of persons too numerous to make practical the appearance of all members of the class in this action, Appellants,
v.
Fred R. DICKSON, Chairman, Harry M. Kamp, Vice Chairman, William H. Madden, Member, Abelicio Chavez, Member, August G. Kettman, Member, Manley J. Bower, Member, Thomas R. Flinn, Member, Walter A. Gordon, Jr., Member, individually and as a body comprising The California Adult Authority, Mr. M. Green, Field Parole Agent, and Frank J. Rao, Field Parole Agent, individually and as agents of Adult Authority, Ronald Reagan, as Governor of California, The California Legislature, as a body, and The People of the State of California, Appellees.
 No. 22539.
 United States Court of Appeals Ninth Circuit.
 January 23, 1969.
 
 Jack Tippett, pro per.
 Thomas F. Boyle, Jr., pro per.
 Thomas C. Lynch, Atty. Gen., Derald E. Granberg, Karl S. Mayer, Deputy Attys. Gen., San Francisco, Cal., for appellees.
 Before HAMLEY and CARTER, Circuit Judges, and McNICHOLS, Judge*.
 PER CURIAM:
 
 
 1
 Thomas F. Boyle, Jr. and Jack Tippett, indigent inmates of a California penal institution, instituted this civil rights action on behalf of themselves and a class consisting of all indigent inmates of California penal institutions. They named, as defendants, the individual members of The California Adult Authority, two parole agents of that agency, the Governor, Legislature and the People of the State of California. They seek injunctive relief and monetary damages totaling $610,000.
 
 
 2
 Plaintiffs' complaint sets out five claims alleging in the most general terms that the past functioning of the Adult Authority has been unconstitutional in numerous respects and that such alleged unlawful conduct will continue in the future unless enjoined. Among other things, plaintiffs allege that the Adult Authority has been delegated quasi-judicial and quasi-legislative functions in violation of the Constitution, and that unconstitutional procedures are and will continue to be employed by the Authority in revoking parole and in fixing and refixing expiration dates of indeterminate sentences. The plaintiffs also allege that their individual paroles had been revoked and their sentences had been refixed without sufficient cause.
 
 
 3
 Defendants moved to dismiss the action for failure of the complaint to state a claim upon which relief can be granted. The motion was granted and the action was dismissed with prejudice. Plaintiffs did not file an amended complaint but elected to appeal, and do not here contend that they would like to amend the complaint.
 
 
 4
 In our opinion the district court did not err in dismissing the action.
 
 
 5
 Affirmed.
 
 
 
 Notes:
 
 
 *
 The Honorable RAY McNICHOLS, United States District Judge for the District of Idaho, sitting by designation